UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA STEWART,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    *Defendant*.
_____/

CASE NUMBER: 07-cv-14231

DISTRICT JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S PETITION FOR ATTORNEY FEES**
(Doc. 14)

### I.     RECOMMENDATION

**IT IS RECOMMENDED** that the motion be **DENIED** because Plaintiff's counsel has failed to comply with the requirements of E.D. Mich. Local Rule 54.2.

### II.    REPORT

#### A.    Introduction and Background

Pending, pursuant to an Order of Reference from United States District Judge Victoria A. Roberts under 28 U.S.C. § 636(b)(3), is a Motion to Obtain Attorney Fee filed by attorney Timothy A. O'Rourke ("counsel"), seeking $6,703.25 for his successful representation of Plaintiff in this social security benefits case. The Commissioner has filed no response.

On August 18, 2008, after the filing of the administrative transcript and cross-motions for summary judgment, the undersigned issued a Report and Recommendation suggesting the grant of Plaintiff's motion and remand of the case for an award of benefits. (Doc. 10.) On September 15,

2008, noting that the Commissioner had filed no objections within the extended deadline granted by the court, Judge Roberts adopted the Report and Recommendation. (Doc. 13.) Thereafter, no action was taken in the case until the filing of the instant motion on November 4, 2013.

### B. Governing Law and Local Rule

Section 206(b)(1) of the Social Security Act, codified at 42 U.S.C. § 406(b)(1)(A) (West Supp. 2005), provides for the award of attorney fees in Title II social security disability benefits cases as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Pursuant to this statute, "the attorney fee award is limited to 25 percent of past-due benefits" for "services performed in a federal court where the court awards benefits," and "in cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings." *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc). This section makes no provision for the allowance of costs. Costs are available only if a timely application made under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is approved.

Eastern District of Michigan Local Rule 54.2, which relates to fee motions in cases filed under the Social Security Act, levies a series of requirements upon counsel. It provides that

> Attorneys representing clients in social security disability claims under Title II of the Social Security Act who seek District Court approval under 42 U.S.C. § 406 must file and serve a social security fee motion no later than 14 days after entry of

judgment or receipt of the social security certificate award (notice of award), whichever is later.

E.D. Mich. LR 54.2(a). In this case, the order adopting the Report and Recommendation, reversing the Commissioner's denial of benefits, and remanding the case for an award of benefits was filed on September 15, 2008, which was more than five years ago. (Doc. 13.)

In addition, Local Rule 54.2(c) requires, *inter alia*, that a copy of the Notice of Social Security Benefits Award be attached to the motion and that the plaintiff receive notice of the motion along with a "statement that the plaintiff has received [a] notice on a cover page of his or her copy of the motion and attachments" informing the plaintiff that "if you believe that any of the statements in the fee application are incorrect, you should send a brief statement of your concerns to the Judge whose name is on the motion . . . ." E.D. Mich. LR 54.2(c)(1), (c)(4).

### C. Analysis and Conclusion

In this instance, initial review of Plaintiff counsel's motion revealed that the only attachments were an itemized statement of counsel's services and a copy of the Social Security Fee Agreement. (Doc. 14 at Exs. A, B.) Therefore, on November 26, 2013, counsel was ordered to show cause why the motion should not be denied for failure to comply with Local Rule 54.2. (Doc. 16.)

Counsel responded on December 3, 2013, with a document entitled "Statement of Cause." (Doc. 17.) Attached to that document are four exhibits. The first is a copy sent to counsel by the Social Security Administration ("SSA") of a twenty-page Supplemental Security Income ("SSI") Notice of Award dated October 3, 2008, informing Plaintiff that she is eligible for SSI benefits and explaining in detail how the amount of her monthly payments was calculated. (Doc. 17 at Ex. 1.)

3

The second exhibit is a document addressed directly to Plaintiff Tanya M. Stewart from the SSA's Retirement, Survivors, and Disability Insurance division entitled "Important Information" and dated July 12, 2009. (Doc. 17 at Ex. 2.) This four-page document states, "We are writing to let you know that you are entitled to monthly Disability benefits from Social Security beginning April 2005," and explains how the amount of the monthly benefit was calculated.[1] (Ex. 2 at 1.) The document further states that

> [w]e may have to reduce these benefits if you received Supplemental Security Income (SSI) for this period. . . . However, we will withhold part of any past-due benefits to pay the lawyer. When we decide how much you are due for this period, we will send you another letter.

(*Id*.) The second page of this document states that

> [y]our lawyer may ask the court to approve a fee no larger than 25 percent of past due benefits. Past due benefits are those payable through August 2008, the month before the court's decision. For this reason, we are withholding $6,703.25.

(*Id*. at 2.) This amount is the same as that sought by counsel in the instant motion.

The third exhibit is a copy of an Order of Administrative Law Judge dated September 12, 2008, approving Plaintiff counsel's fee agreement. (Doc. 17 at Ex. 3.)

The fourth and final exhibit is a document addressed to counsel from the SSA's Retirement, Survivors, and Disability Insurance division entitled "Important Information" and dated November 3, 2013, which was the day before counsel filed the instant motion. (Doc. 17 at Ex. 4.) This document states that "[w]e are withholding the amount of $6,703.25, which represents 25 percent of the past-due benefits for Tanya M. Stewart, in anticipation of direct payment of an authorized attorney's fee." (*Id*. at 1.) This again is the same amount sought in the instant motion.

---

[1] The letter also explains that Plaintiff was "previously determined to be under a disability from 07/24/03 to 01/05," with benefits ending in 04/05, and that "it has been determined that your disability in continuing and that your benefits should be resumed effective 04/05." (Doc. 17, Ex. 2 at 1.)

4

In his Statement of Cause, counsel states his belief that the October 3, 2008, correspondence (Doc. 17 at Ex. 1) is in fact only a partially favorable award of SSI benefits, and he states that no award certificate has ever been received on Plaintiff's Disability Insurance Benefits ("DIB") claim. (Doc. 17 ¶¶ 3-4.) Counsel points to the fact that the correspondence from the SSA dated July 12, 2009 (Doc. 17 at Ex. 2) specifically stated that Plaintiff's benefits may need to be reduced and that they would be notified at a later date if such a reduction was necessary. (*Id.* ¶ 5.) Counsel claims that "[o]n November 3, 2013, the SSA advised for the first time that $6,703.25 was withheld from benefits for payment of fees, and that approval would be required from this Court for payment." (*Id.* ¶ 8.) He filed this motion the following day, and therefore he argues that the motion is timely under Local Rule 54.2.

Plaintiff counsel's concession that an award of benefits notification has never been received as to Plaintiff's DIB claim is, I first suggest, fatal to his motion. While this is unfortunate, particularly in light of the success of his efforts, the requirements of Local Rule 54.2 cannot be amended. Counsel's representation that he was not aware that attorney fees had been set aside until the day before he filed the motion is belied by the "Important Information" letter dated July 12, 2009 (Doc. 17 at Ex. 2), which explicitly states that the same amount requested now by counsel had been set aside then for attorney fees. Even if this later correspondence could be considered the equivalent of an awards certificate, counsel's motion is untimely. The fact that an ALJ approved of counsel's fee agreement (Doc. 17 at Ex. 3) bears little if any relevance to counsel's compliance with Local Rule 54.2. Moreover, even if the November 3, 2013, correspondence could somehow be considered an award certificate, thus rendering counsel's motion timely, there is nowhere in his papers any indication that he forwarded to Plaintiff the statement required by Local Rule 54.2(c)(4). For all these reasons, I therefore suggest that the motion be denied.

5

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                    s/ Charles E Binder
                                                    CHARLES E. BINDER
Dated: January 21, 2014                      United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served on all counsel of record through the Court's CM/ECF system, and served on District Judge Roberts in the traditional manner.

Date: January 21, 2014        By     s/*Jean L. Broucek*
                                              Case Manager to Magistrate Judge Binder