**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TANYA STEWART,

    Plaintiff,                                          Case Number: 07-cv-14231
                                                               Honorable Victoria A. Roberts

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION THAT PLAINTIFF'S PETITION FOR ATTORNEY FEES BE DENIED**

This matter is before the Court on a motion by Plaintiff Tanya Stewart's Counsel for attorney fees under 42 U.S.C. § 406 (b)(1)(A). On November 13, 2013, the Court referred this matter to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(3). On January 21, 2014, Magistrate Judge Binder filed a Report and Recommendation suggesting that the petition be denied. Counsel objected to this recommendation on February 6, 2014 and no responses to the objections were filed.

The Court reviews *de novo* the Magistrate Judge's Report and Recommendation on objections to a denial of attorney fees under 42 U.S.C. § 406 (b)(1)(A). Fed. R. Civ. P. 54(d) allows a court to refer a motion for attorney fees to a magistrate judge under Rule 72(b) "as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d). Thus, a court should determine "de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

1

After careful review of the entire record, the Court agrees with the Magistrate Judge's reasoning. His report lays out the facts and procedural history of this case, as well as a well-reasoned explanation for denying the motion. The objections do not even fully address the Magistrate Judge's reasons for his recommendation. Critically, even if the Court agreed with the objections, there is still no indication that Counsel has complied with LR 54.2(c)(4) which requires attaching a certificate of service on the motion as proof that Plaintiff has been notified of the motion and provided the statement given by the Local Rules informing her of her rights. The fees would be deducted from Stewart's award and she is the "the only person who has an interest in this matter" besides Counsel. *Young v. Astrue*, 06-CV-11821, 2012 WL 3816519, at *2 (E.D. Mich. June 27, 2012) (citation omitted) report and recommendation adopted by *Young v. Comm'r of Soc. Sec.*, 06-CV-11821, 2012 WL 3815675 (E.D. Mich. Sept. 4, 2012). That makes this statement more than a mere formality but instead an important requirement. The Local Rules demand proof she does not have any objections to the fee and a fee agreement is not a substitute.

Accordingly, the Court **ACCEPTS** Magistrate Judge Charles E. Binder's Report and Recommendation. Plaintiff Counsel's motion for attorney fees is **DENIED.**

**IT IS ORDERED.**

/s/ Victoria A.Roberts
Victoria A. Roberts
United States District Judge

DATED:  June 23, 2014

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 24, 2014.

s/Linda Vertriest
Deputy Clerk